Anthony LANGELLA, Barbara Langella, Harvey Lerner, Mimi Lerner, Allen Cohen, Norma Cohen, Jack Tartamella, Joyce Tartamella, Leon Hoffman, Sandra Hoffman, Paul Brady, Hugh Brady, Rhoda Adler, Joseph Kazlauskas, Allan C. Dinegar and Patrick Marsden, Plaintiffs,

v.

Stanely WEISZ, Ronald Weisz, Weisz & Weisz, P.C., Universal Traditions, Inc., Joseph Stefanelli, Patrick Marra, Leslie Liese, Reborn Cosmetics, Inc., R.P.R.W. Realty Corp. and Glamour Classics Ltd., Defendants.

No. CV 83–4220.

United States District Court, E.D. New York.

April 13, 1984.

**616**

Fred M. Schwartz, Jericho, N.Y., for plaintiffs.

Michael F. Dennis, Mineola, N.Y., for defendants Stanley Weisz and Weisz & Weisz, P.C.

Mark Weiss, Commack, N.Y., for defendant Liese.

Jay Horlick, Brooklyn, N.Y., for defendant Marra.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiffs commenced this action in district court to enforce the judgment of the Honorable Boris Radoyevich of the U.S. Bankruptcy Court of the Eastern District of New York. In that judgment, dated November 9, 1982, Judge Radoyevich awarded non-dischargeable judgments in various sums against Ronald Weisz to all named plaintiffs. Plaintiffs now seek enforcement of the judgment in this Court alleging that defendant Ronald Weisz is fraudulently shielding assets from the judgment with the aid of the other named defendants. Plaintiffs initially alleged that this Court has subject matter jurisdiction in this case on the basis of diversity of citizenship under 28 U.S.C. Section 1332.

Defendants Stanley Weisz, Weisz & Weisz, P.C., Leslie Leise and Patrick Marra move for dismissal of the action pursuant to Rule 12(h)(3) on the ground that diversity of citizenship is absent and this Court therefore lacks subject matter jurisdiction. Plaintiffs now contend that this Court has subject matter jurisdiction as provided in 28 U.S.C. Section 1334, which bestows on the district court "original jurisdiction ... of all matters and proceedings in bankruptcy." Plaintiffs further assert jurisdiction in this Court on the basis of its power to review a bankruptcy judgment pursuant to 28 U.S.C. Section 1471, although this case is not a bankruptcy appeal.

### I.

The Court first addresses the issue of the initially alleged ground of jurisdiction, diversity of citizenship among the parties.

The federal district courts are courts of limited jurisdiction, the basis of which must be affirmatively alleged in the complaint. *John Birch Society v. National Broadcasting Co.*, 377 F.2d 194, 197 (2d Cir.1967). In the instant case plaintiffs have alleged that plaintiff Paul Brady and defendants Joseph Stefanelli and Patrick

Marra are residents [1] of New Jersey and that defendant Reborn Cosmetics Inc. is a New Jersey corporation.[2] They also allege that the remainder of the plaintiffs and remainder of the defendants are residents of or incorporated in New York.

It is well settled that diversity of citizenship must be complete to support subject matter jurisdiction under Section 1332(a). *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 370, 98 S.Ct. 2396, 2400, 57 L.Ed.2d 274 (1978); *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 17, 71 S.Ct. 534, 541, 95 L.Ed. 702 (1951); *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). Complete diversity of citizenship means that none of the plaintiffs may be a citizen of the same state as any of the defendants. Or put another way, all of the plaintiffs must be citizens of different states from all of the defendants. Quite clearly where, as here, a number of both plaintiffs and defendants are from New Jersey and the majority of plaintiffs and defendants share New York citizenship, complete diversity of citizenship is lacking. Therefore, subject matter jurisdiction in this Court must fail on the ground of diversity of citizenship pursuant to 28 U.S.C. Section 1331(a).

## II.

Having anticipated the Court's determination on diversity jurisdiction, the plaintiffs put forth a new argument grounding subject matter jurisdiction in 28 U.S.C. Section 1334 and Section 1471. Section 1334 provides:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of all matters and proceedings in bankruptcy.

Section 1471 provides:

(a) Except as provided in subsection 1(b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

\*     \*     \*     \*     \*     \*

(d) Subsection (b) ... of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

Plaintiffs, therefore, now allege that their cause of action arises in bankruptcy. Defendants in response make the bare declaration that this is a state cause of action and the federal courts are without subject matter jurisdiction. The Court after reviewing the complaint finds plaintiff-creditors have alleged only that defendant-debtor Ronald Weisz is fraudulently manipulating his assets with the aid of other named defendants to avoid execution of the bankruptcy court judgment.

In the wake of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) the Eastern District of New York adopted Emergency Bankruptcy Rules. Those

---

**1.** Diversity jurisdiction depends on the averment of citizenship. While domicile has been construed as substantially synonymous with citizenship, residency is not interchangeable with citizenship. Where it is clear that the complaint intends to allege citizenship the Court should grant leave to amend to correct the deficiency.

*Cowell v. Ducas*, 2 F.Supp. 1 (S.D.N.Y.1932). But here a change of terms would not cure the jurisdictional defect.

**2.** Under 28 U.S.C. Section 1332(c) a corporation is a citizen of both its states of incorporation and of its principal place of business.

Rules were held constitutional in the recent case of *Salmon v. Kaiser*, (In re: *Gerald Kaiser*), 722 F.2d 1574 (2d Cir.1983). In that case the Court of Appeals discussed bankruptcy court jurisdiction, especially Section (d)(3)(A) of the Rule with respect to fraudulent conveyances.

To summarize briefly, in *Marathon* the Supreme Court distinguished between what may be termed a traditional or core bankruptcy proceeding and a related proceeding. Under the *Marathon* decision and the Emergency Rule a bankruptcy judge may not enter a final judgment in a related proceeding. A related proceeding is properly within the jurisdiction of a district court and pursuant to the Emergency Rule may be referred by that court to a bankruptcy judge for findings, conclusions and a proposed judgment or order to be submitted to the district court. Section (d)(3)(B). Section (a)(3)(A) of the Rule outlines and defines related proceedings. It specifically states that "[r]elated proceedings do not include: ... proceedings to set aside preferences and fraudulent conveyances; ...." Such an action is a traditional or core bankruptcy proceeding and is properly the province of a final judgment by the bankruptcy court. *In Re Kaiser*, 722 F.2d at 1582. The matter of defendant Weisz's fraudulent transfers, therefore, would appear to be properly adjudicated by the bankruptcy court pursuant to 28 U.S.C. Section 1471 and the Emergency Rule. In that event, the action would not be one for this Court to decide, but should have been filed in federal bankruptcy court as part of the original proceeding or referred to the bankruptcy court pursuant to Section (d)(3)(A).

Certain obstructions, however, remain to federal bankruptcy jurisdiction. While plaintiffs aver correctly that statutory grant of federal subject matter jurisdiction, they have failed to specify how this action comes under that grant. The federal bankruptcy law does address fraudulent transfers under 11 U.S.C. Sections 544 and 548, but plaintiffs have failed to allege violation of these statutes and so invoke

federal question jurisdiction. Moreover, those sections provide for action by the bankruptcy trustee, not a right of action between the creditors and debtor in federal court. *See, In Re Kaiser*, 722 F.2d at 1582. Lack of specific reference to federal law in the complaint is not determinative of the existence of a federal question. *North American Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 233 (2d Cir. 1978). Nevertheless, it must be plain from the face of the complaint that a federal question is a pivotal and determinative issue. The plaintiffs' claim must arise from a right or immunity created by the federal Constitution or laws. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127, 94 S.Ct. 1002, 1003, 39 L.Ed.2d 209 (1974); *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936); *Epps v. Bexar-Medina-Atascosa Counties Water Improvement District No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Here, the plaintiff-creditors have failed to allege facts or issues that turn on an application of federal law. Rather, the cause of action appears to be grounded in state tort law or state statute governing fraudulent conveyances, especially by a debtor. New York Debtor and Creditor Law Sections 270 to 279 (McKinney 1945).

Nevertheless, if the original bankruptcy case were still pending this matter might properly be referred to the bankruptcy court pursuant to 28 U.S.C. Section 1471(e), on the ground that estate in bankruptcy would still be under its control. There is no indication, however, that the bankruptcy case is still open and the bankruptcy court has jurisdiction over the estate. The Court further notes that none of Mr. Weisz's co-defendants in this instance were party to the original bankruptcy action.

Finally, to address what appears to be the essence of plaintiffs' jurisdictional argument, merely because a federal bankruptcy court entered judgment upholding the plaintiffs' rights as creditors does not mean there is federal jurisdiction. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement District No. 1*, 665 F.2d 594,

595 (5th Cir.1982). There is no allegation that the judgment plaintiff-creditors seek to enforce was based on an application of federal law. The former federal adjudication does not transform a matter that, taken alone and on its face, is a state cause of action into a federal question. In short, there must be more than the hovering shadow of an earlier bankruptcy proceeding to sustain jurisdiction based on a federal bankruptcy law question. *See Turner v. Ermiger* (In re: *Burneice Turner*), 724 F.2d 338 (2d Cir.1983).

Plaintiffs have failed to show that their cause of action arises under the federal bankruptcy laws. They have not shown that a federal statute has been violated and affords them the judicial intervention by the federal courts that they ask. Furthermore, while the issue of a fraudulent conveyance would be part of traditional or core bankruptcy proceedings, which under the Emergency Rule are the proper subject of a final judgment of the bankruptcy court, plaintiffs have not either sought adjudication by the bankruptcy court nor established a federal statutory action or current bankruptcy court jurisdiction over the bankrupt estate that would enable this Court to refer the matter to the bankruptcy court. Lacking these hooks into the federal statutory and jurisdictional scheme the case remains what it was when it was first commenced as a matter between citizens of diverse states: a state law action.

## III.

The Court concludes that the first ground for subject matter jurisdiction, diversity of citizenship does not exist as diversity is incomplete. The later asserted second ground for subject matter jurisdiction, a federal question arising under the federal bankruptcy laws, has not been shown or established by the plaintiffs pleadings.

Accordingly, defendants' motion for dismissal pursuant to Rule 12(h)(3) Fed.R. Civ.P. is granted and plaintiffs' action is dismissed. It is, therefore,

ORDERED, that the Clerk of the Court enter dismissal of the plaintiffs' cause of action, as the Court lacks subject matter jurisdiction to hear it.

SO ORDERED.