**In re TWI, INCORPORATED, Debtor.**

**H. Lee ADDISON, III, Trustee, Plaintiff,**

**v.**

**Margaret E. O'LEARY and George O'Leary, Defendants.**

**Bankruptcy No. 83–00030–N. Adv. No. 85–0026–N.**

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

July 30, 1985.

Joseph R. Mayes, of Wolcott, Rivers, Wheary, Basnight & Kelly, P.C., Norfolk, Va., for plaintiff.

Alexander P. Smith, of Smith & Tolerton, P.C., Norfolk, Va., for defendants.

### MEMORANDUM AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

[In which we measure 1984 bankruptcy amendments by the present standard, *Marathon*, without resorting to other case law. In other cases you can find anything you want.]

The trustee of TWI, Incorporated, brings these actions in its complaint against the O'Learys:

1—Preferential transfer

2—Fraudulent conveyance

3—Voluntary conveyance.

In their answer, the O'Learys raise the jurisdictional issue and assert that pursuant to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), this Court may not conduct a trial involving the substantive issues of fraudulent conveyance and voluntary conveyance.

The matter, then, goes to the very heart of the system. Its vast importance makes it difficult to resolve. The "agony" of decision has been more lengthy than the decision itself. Rightly or wrongly, we turn to *Marathon* alone to reach an answer, to the pure source. Yes, there is some existing case law, but it is not ripe. There is something there that rings untrue. Let us avoid the moons and go to the sun.

All parts of the riddle must be held up to the light of *Marathon*.

Although weighted with both opinion and concurrences, it reaches an inescapable conclusion: a non-Article III judge may not adjudicate state law claims. While the decision applied to the Bankruptcy Reform Act of 1978, until altered, it governs the Bankruptcy Amendments Act of 1984 as well. *The latter cannot cover the sins of*

*the former simply by amending legislation.* . The present law, too, must do court to *Marathon.*

Nor may *Marathon* be circumvented by device, such as 28 U.S.C. 157(b)(2)(H) providing for reference by an Article III judge. Does it not stand to reason that if a non-Article III judge cannot hear a matter, because of *Marathon,* an Article III judge, then, cannot make a silk purse out of a sow's ear by the perfunctory act of assuming jurisdiction and then referring it to him who cannot try it in the first place.

(1) A preference action—11 U.S.C. 547 provides for the setting aside of certain payments to creditors who are thereby "favored" or "preferred" by a debtor within a certain time prior to bankruptcy. This is not a state remedy. It is Congressionally devised to provide that *all* creditors fair equally.

There is nothing in *Marathon* which upsets this purely non-state bankruptcy remedy.

(2) and (3) Fraudulent and voluntary conveyances—This is a horse of another track. There are state-grounded matters which are applied within a bankruptcy framework.

Clearly, a trustee siccing the dogs on them must rely on state law. There is no Federal body of law on such unsavory dealings. Its source is the Statute of Fraudulent Conveyances of 13 Elizabeth. It evolved into the Uniform Fraudulent Conveyance Act. 4 Collier on Bankruptcy (15th Edition) § 548.01[1].

Unconstitutional in *Marathon,* unconstitutional now. Any effort to accomplish through 28 U.S.C. 1334 and 28 U.S.C. 157 that which is prohibited in *Marathon* will not fly. While limited here to actions on conveyances, the message is clear.

IT IS SO ORDERED.

It is FURTHER ORDERED that a copy of this Order be forwarded to Joseph R. Mayes, Esquire, Attorney for the plaintiff; Alexander P. Smith, Esquire, Attorney for the defendants; H. Lee Addison, III, Trustee, Plaintiff; Attorney General of the United States, and the U.S. Attorney for the Eastern District of Virginia.