**John G. LEAKE, Trustee of the Estate of Marjec, Inc., t/a Shawnee Land, Appellee,**

v.

**Thomas J. CHANDLER, Jr., Appellant.**

**Civ. A. Nos. 85-0020-H, 85-0035-H.**

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Oct. 24, 1985.

Douglas T. Stark, Harrisonburg, Va., for appellee.

M. Caldwell Butler, Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., Alan S. Kerxton, Potomac, Md., Barbara J. Finer, Leesburg, Va., Robert M. Musselman, Charlottesville, Va., F.L. Largent, Jr., Winchester, Va., Dale A. Davenport, W.E. Shmidheiser, III, Harrisonburg, Va., for appellant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

These cases are before this court on appeal from the United States Bankruptcy Court for the Western District of Virginia, Harrisonburg Division. The first issue presented by the instant appeal is whether 28 U.S.C. § 157 provides the authority for District Courts to refer cases filed before October 1, 1979, under the Bankruptcy Act of 1898 to the current Bankruptcy Courts. The second issue raised on appeal is whether the Bankruptcy Court below afforded appellant Chandler the proper due process in the proceedings which resulted in its Order of August 31, 1984.

Thomas Chandler, Jr. was the original trustee of the bankruptcy estate of Marjec, Inc., a case filed under the Bankruptcy Act of 1898. Counsel for the owners of Marjec accused Chandler of improperly withdrawing funds from the Marjec bankruptcy estate. On August 16, 1984, the Bankruptcy Court served Chandler with notice of a hearing on August 31, 1984, which Chandler attended unaccompanied by counsel. During the proceeding, Chandler requested an attorney, but the Bankruptcy Judge denied his request stating, "I don't see where there's much an attorney can do for him with respect to the matter of his refund of those amounts...." On August 31, 1984, the Bankruptcy Judge entered an Order directing Chandler to repay the current trustee, John Leake, $100,000 in two installments.

Subsequent to the August 31, 1984, hearing and Order, Chandler retained an attorney, who filed a motion for reconsideration of the Bankruptcy Court's Order of August 31, 1984. On December 12, 1984, the Bankruptcy Court entered an Order denying the motion for reconsideration. Chandler then filed a motion to transfer the Bankruptcy action to the United States District Court based upon a claim that the Bankruptcy Court lacked jurisdiction in the matter. On January 9, 1985, the Bankruptcy Court denied that motion to transfer.

Chandler appealed both the Order of August 31, 1984, on the grounds that the Bankruptcy Court failed to afford him due process, and the Order of January 9, 1985, on the grounds that the Bankruptcy Court from the onset had no jurisdiction to hear the case. These two appeals have been consolidated and are now before this court.

## I. *Jurisdiction under 28 U.S.C. § 157.*

### A. *Background*

The Bankruptcy Act of 1898 was repealed on October 1, 1979, when the substantive provisions of the 1978 Bankruptcy Act came into effect. However, the procedural provisions of the 1978 Act which created new Bankruptcy Courts were not to become effective until April 1, 1984. Thus, § 404(a) of the 1978 Act provided that the Bankruptcy Courts in existence prior to October 1, 1979, would continue as the official Bankruptcy Courts until April 1, 1984, (hereinafter referred to as the "interim" Bankruptcy Courts) and that these courts would exercise the same jurisdiction as the courts to come into existence on April 1, 1984. Section 409(a) of the 1978 Act further provided that, on April 1, 1984, there would be transferred to the new Bankruptcy Courts two types of cases: (1) pending cases brought under the 1898 Act, and (2) pending cases brought under Title 11. The transition period between the tenure of the old and new Bankruptcy Courts was extended by Congress several times, and was finally set to end on June 28, 1978.

However, well before the end of the transition period, the United States Supreme Court declared the new Bankruptcy Courts, under the 1978 Act, unconstitutional in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102

S.Ct. 2858, 73 L.Ed.2d 598 (1982). Congress quickly began work on a new Bankruptcy Act and on July 10, 1984, it enacted the Bankruptcy Amendments and Judgeship Act of 1984 ("the 1984 Act"). The 1984 Act wrought several changes in the law which are central to the present appeal. These changes are embodied in § 104(a) of the 1984 Act (which added 28 U.S.C. §§ 151 and 157) and in §§ 113–115 of the 1984 Act. Section 151 [1] of Title 28 established the existing Bankruptcy Courts as units of the District Courts (hereinafter referred to as the "current" Bankruptcy Courts), and in turn, § 113 of the Act repealed the Bankruptcy Courts which were to have come into existence under the 1978 Act. Section 114 of the 1984 Act repealed §§ 404(a) and 409(b) of the 1978 Act, which had placed jurisdiction over all Bankruptcy cases in the interim Bankruptcy Courts. Section 115 also placed jurisdiction over pending Bankruptcy cases with the Federal District Courts. Lastly, 28 U.S.C. § 157 empowered the District Courts to refer all proceedings arising under or related to Title 11 to the current Bankruptcy Courts. The issues in the present case revolve around conflicting interpretations of the language in, and the legislative history of, these statutory provisions.

### B. *Discussion*

Appellant contends that the 1984 Act confers power upon the District Court to refer to the current Bankruptcy Courts cases filed under either the 1978 Act or the 1984 Act (hereinafter referred to as "Code" cases), but not to refer cases filed under the Bankruptcy Act of 1898 (hereinafter referred to as "Act" cases). More specifically, appellant argues that § 115 [2] of the

---

**1.** Section 151 is as follows:

In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside along and hold a regular or special session of the court, except as

otherwise provided by law or by rule or order of the district court.

**2.** Section 115 reads, as follows:

(a) On the date of enactment of this Act the appropriate district court of the United States shall have jurisdiction on—

(1) cases, and matters and proceedings in cases, under the Bankruptcy Act that are pending immediately before such date in the bankruptcy courts continued by section

1984 Act specifically distinguishes between pending Act cases and pending Code cases, and that it confers jurisdiction over both on the District Courts. (28 U.S.C. § 1334 gave jurisdiction over *future* Bankruptcy cases to the District Courts). Appellant argues, however, that 28 U.S.C. § 157 [3] makes no such distinction between Act cases and Code cases, and thus was intended to empower the District Courts to refer only Code cases to the current Bankruptcy Courts. Appellant cites as his only support the statute itself and the 1985 revision to *Collier on Bankruptcy,* pp. 3–48 to 3–50, which simply relies upon the language of the statute. Since the original proceeding at issue in this appeal was filed under the 1898 Act, appellant maintains that the Bankruptcy Court's decision denying appellant's motion to transfer must be reversed, and a new trial must be held in the District Court.

■ Under § 157(b)(1), the current Bankruptcy Courts may hear and determine *all* referred proceedings arising under or related to a case brought under Title 11. Appellee correctly points out that the 1898 Bankruptcy Act was a part of Title 11 of the United States Code prior to October 1, 1979, when the Act was repealed. Thus, cases brought under the 1898 Act clearly were cases which had been brought "under Title 11". Although the 1978 Act repealed the 1898 Act, § 403(a) of the 1978 Bankruptcy Act allowed pending cases to be adjudicated under the provisions of the 1898 Act. Nothing in the 1978 Act suggested that such cases were not Title 11 cases. Similarly, no provision in the 1984 Act altered the previous status of 1898 Act cases as cases which had been brought under Title 11. Thus, § 157(a) of the 1984 Act literally confers upon District Courts the power to refer all Title 11 cases, including 1898 Act cases, to the current Bankruptcy Courts. The present case was thus appropriately referred to the Bankruptcy Court by the District Court under § 157(a).

However, even assuming *arguendo* that the language of § 157 was intended to refer to only *a portion* of Title 11 cases (a point implicitly contended by appellants), the legislative context and history surrounding the enactment of the 1984 Act indicate that Congress intended to allow for referral of *all* Bankruptcy cases, including Act cases. In fact, the result argued for by appellant would require a reading of § 157 which is inconsistent with the established purposes underlying the 1984 Act.

Congress clearly intended in the 1984 Act to establish a comprehensive and cohesive response to the Supreme Court's decision in *Marathon Pipeline,* including the establishment of an organized procedure for adjudication of pending Bankruptcy cases. It is also evident that § 157 of Title 28 was included to allow for adjudication of pending Bankruptcy cases in a fashion similar to that under the 1978 Act, i.e., through the existing Bankruptcy Courts, which by then had become units of the District Court.

---

404(a) of the Act of November 6, 1978 (Pub.Law 95–598; 92 Stat. 2687), and

 (2) cases under title 11 of the United States Code, and proceedings arising under title 11 of the United States Code or arising in or related to cases under title 11 of the United States Code, that are pending immediately before such date in the bankruptcy courts continued by section 404(a) of the Act of November 6, 1978 (Pub.L. No. 95–958; 92 Stat. 2687).

(b) On the date of enactment of this Act, there shall be transferred to the appropriate district court of the United States appeals from final judgments, orders, and decrees of the bankruptcy courts pending immediately before such date in the bankruptcy appellate panels appointed under section 405(c) of the Act of November 6, 1978 (Pub.Law 95–958; 92 Stat. 2685).

**3.** Section 157 provides as follows:

 (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

 (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

Without question, Congress was concerned primarily with maintaining substantially the existing Bankruptcy Court scheme, while satisfying the Supreme Court's explicit prohibition against vesting Article III jurisdictional powers over the Bankruptcy laws in courts created under Article I.

Given this underlying Congressional goal, there exists no apparent reason for Congress to have allowed referral by the District Court of Code cases, but not of Act cases. The distinction between Act cases and Code cases was first drawn in § 409(a) of the 1978 Act, where Congress made the distinction out of an apparent abundance of caution. Congress apparently wanted to ensure under § 409(a) that all pending Bankruptcy cases would come under the jurisdiction of the new Bankruptcy Courts. Similarly, under § 115 of the 1984 Act, Congress also sought to ensure that jurisdiction over *all* pending cases would be with Bankruptcy Courts, but within the parameters of *Marathon Pipeline.*

Appellant has offered no explanation or support for his belief that Congress meant to preclude the referral of Act cases, but not of Code cases, to the current Bankruptcy Courts. After a careful consideration of the language and legislative history involved, this Court can find no such Congressional motive, other than perhaps a purely inadvertent omission. Indeed, the interpretation appellant places upon § 157 is contrary to the most basic purposes of the 1984 Act, and thus would present a striking inconsistency within the Act, one that could only be logically reconciled by reading § 157 to allow the referral of Act cases.

This conclusion is only reinforced by the abundant evidence of the time pressures on Congress in drafting the 1984 Act. Under this extreme time-pressure, created principally by the *Marathon Pipeline* decision, Congress redrafted the Bankruptcy laws in what was a relatively short period of time, given the usual amount of time necessary to construct such a bill and bring it to passage through Congress. It is understandable that, because of this constraint,

Congress could not give as detailed a consideration to the 1984 Act's provisions as it might have done, if given more time to do so. By appellant's own admission, the 1984 Act thus contains some inconsistencies, resulting undoubtedly from Congress' need to reconstruct the Bankruptcy laws in a short period of time.

Several such examples exist within the 1984 Act which are acknowledged by appellant. Sections 113 and 121(a) of the Act seem facially to be directly contradictory to each other. As previously noted, § 113 repealed the jurisdictional provisions of the 1978 Act, while § 121(a) provides that the amendments embodied in the 1978 Act would take effect on the date of enactment of the 1984 Act. Similarly, § 114 and § 121(d) seem facially to be in conflict. Section 114, as noted, repealed § 409 of the 1978 Act, which provided for transfer of all Bankruptcy cases to the Bankruptcy Courts created under the 1978 Act. § 121(d) of the 1984 Act, however, provides that such transfers shall take place on the day before enactment of the 1984 Act, even though § 114 explicitly repealed transfers to the 1978 Act courts. Appellant suggests that although § 121(a) and (d) can not possibly be reconciled with §§ 113 and 114, and thus § 121(a) and (d) must be held unenforceable, 28 U.S.C. § 157 can be reconciled with § 115 of the Act. However, to the court, these contradictory provisions are even more compelling evidence of the time pressures placed upon Congress in drafting the 1984 Act. When the 1984 Act is read as a whole, however, these sections, conflicting though they may be, still must be fit into that comprehensive and cohesive scheme, giving to the objectives and purposes of Congress in passing the 1984 Act their proper weight.

 The ordinary meaning of the language of a statute must initially and normally control its interpretation. *American Tobacco Co. v. Patterson,* 456 U.S. 63, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982). In the present case, since the language of § 157, under the ordinary meaning of its terms, allows for referral to the Bankruptcy

Courts of all Title 11 cases, including Act cases, the present case was properly referred to the Bankruptcy Court. However, even in absence of such an indication within the language of the statute, the legislative circumstances and history surrounding the 1984 Act indicate Congress' intention to allow referral of Act cases to the current Bankruptcy Courts. Taken in the context of the *Marathon Pipeline* decision, Congress' goals in responding to that holding, and the time pressures involved in forging a response, Congress' failure to employ exactly the same language in § 157 as in § 115 was far more likely a result of inadvertence than the result of an intentional omission. This court must interpret and give meaning to the statute as a whole, with a view toward the overall objects and policies underlying the statute. *Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). In the present case, allowing referral of Act cases under § 157, in the court's view, fulfills this requirement by attaching the most logical and cohesive reading to the statute in its entirety.

Thus, for the reasons stated above, this court affirms the ruling of the Bankruptcy Court below, which denied appellant Chandler's motion to transfer the case to the district court based upon a lack of jurisdiction in the Bankruptcy Court.

## II. *The Due Process Claim*

Appellant's second contention in this appeal is that the Bankruptcy Court's Order directing repayment of $100,000, entered after a hearing on August 31, 1984, must be overturned since appellant was not represented by counsel at that hearing. While the initial hearing below, standing alone, might have been grounds for reversal based upon a denial of due process claim, the court need not reach this issue in the present appeal. The subsequent hearings on September 19, 1984, and October 19, 1984, on appellant's motion for reconsideration, during which appellant was represented by counsel, gave appellant an adequate forum in which to raise any objections or to bring forth any evidence in support of his objections to the Bankruptcy Court's August 31, 1985, Order. At these subsequent hearings, appellant put on no evidence to support the claim that he should not be held liable for payment of the funds in question. Appellant was thus afforded a sufficient opportunity to be represented by counsel and to have his counsel argue on the merits of his claims before the Bankruptcy Court. Appellant was thus not denied his right to due process of law guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

For these reasons, this court affirms the Bankruptcy Court's denial of the motion of the appellant for reconsideration because of an alleged denial of due process.

An appropriate Order shall this day issue.