**In re Michael SWEENEY, Carol L. Sweeney, Debtors.**

**Michael SWEENEY, Plaintiff,**

v.

**CITICORP PERSON–TO–PERSON FINANCIAL CENTER, INC. and Citicorp Person-To-Person Financial Center of Illinois, Inc., Defendants.**

**Nos. 83 B 2776, 84 A 1211.**

United States District Court, N.D. Illinois, E.D.

June 4, 1985.

Joel M. Hellman, Hartunian, Futterman & Howard, Chtd., Chicago, Ill., for plaintiff.

Robert D. McLean, Michael J. Sweeney, Bryan Krakauer, Sidley & Austin, Leonard Groupe, Groupe & Katz, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Before the Court is the plaintiff's motion for abstention under 28 U.S.C. § 1334(c)(1) in an adversary proceeding in bankruptcy. For the reasons stated herein, the plaintiff's motion is granted and the adversary proceeding is dismissed without prejudice.

### I. FACTS

On May 12, 1980, plaintiff filed a Chapter 13 petition in the United States Bankruptcy Court for the Northern District of Illinois. On December 21, 1982, the bankruptcy court dismissed the Chapter 13 case without prejudice. A second Chapter 13 petition was filed on February 28, 1983, and is now pending in the bankruptcy court. In both petitions, defendants Citicorp Person-

To-Person Financial Center, Inc. and Citicorp Person-To-Person Financial Center of Illinois, Inc. were scheduled as creditors.

In his first petition, the plaintiff listed one defendant as having a claim in the amount of $9,599.42 of which plaintiff did not dispute $6,599.42, and listed the other defendant as having a claim of $4,350.86 of which plaintiff did not dispute $3,350.86. Defendants' claims were subsequently allowed and the dispute settled by stipulation and order of the Bankruptcy Court allowing defendants' claims in the total amount of $13,837.57. A Chapter 13 plan incorporating that ruling was confirmed by the Bankruptcy Court on July 1, 1980.

On December 23, 1983, plaintiff filed a class action in the Circuit Court of Cook County, Illinois, against the defendants. Plaintiff alleged that defendants had violated the Illinois usury statutes by virtue of contracting for interest payments in excess of the statutory maximum.

On August 20, 1984, the Circuit Court of Cook County, *sua sponte*, dismissed plaintiff's action without prejudice on the ground that the plaintiff was a debtor in a prior pending action in the bankruptcy court. Plaintiff filed a timely notice of appeal from the Circuit Court's order of dismissal. The appeal is presently pending in the Illinois Appellate Court.

On October 22, 1984, plaintiff filed his adversary complaint in the bankruptcy court. The substantive allegations in the complaint are the same as those which were filed in plaintiff's state court complaint. Plaintiff's claims in both complaints are based solely on the Illinois Consumer Installment Loan Act, formerly Ill. Rev.Stat. ch. 74, §§ 51 *et seq.*, now ch. 17 §§ 5401 *et seq.*, and the Illinois General Interest Statute, Ill.Rev.Stat. ch. 17, §§ 6410 and 6413. No basis for federal jurisdiction appears in the adversary complaint other than the relatedness of the claim to the bankruptcy proceedings.

On February 7, 1985, defendants moved for a withdrawal of the district court's reference of this adversary proceeding to the bankruptcy court. On February 15, 1985, this Court, *sua sponte*, referred the parties to the Court's recently filed opinion in *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468 (N.D.Ill.1985). The Court requested briefs from the parties on the question of whether it should abstain from adjudicating the state law claims set forth in plaintiff's adversary complaint.

## II.  DISCUSSION

In support of his motion for abstention, the plaintiff argues that the claims in this adversary proceeding are based solely on state law and have been brought in federal court solely on the basis of their relatedness to a pending Chapter 13 bankruptcy proceeding. On this basis, plaintiff concludes that the court should exercise its discretionary power to abstain under 28 U.S.C. § 1334(c)(1).

Defendants present three arguments in opposition to abstention. First, defendants contend that principles of comity dictate that this Court defer to the Circuit Court's ruling and allow the present action to be heard in federal court. Second, defendants argue that the issues raised in plaintiff's complaints in state court and in the adversary bankruptcy proceeding are bound up in plaintiff's Chapter 13 case and should be heard in conjunction with that proceeding. Finally, defendants conclude that plaintiff's motion to abstain is improper because he voluntarily consented to the jurisdiction of the federal courts by filing the adversary bankruptcy proceeding.

### A.  *Comity and The Circuit Court's Order*

Defendants' first argument is based on principles of comity, which are expressed in the anti-injunction statute, 28 U.S.C. § 2283, and the exceptions thereto. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 661 (1971). However, for the following reasons, the Court finds these principles of abstention and comity do not apply to this case.

This is not a case where the district court has been asked to enjoin a state trial court proceeding or to interfere with the state appellate court's determination in any way. At most, a decision here to abstain could be

used by the plaintiff to argue in front of the Illinois Appellate Court that plaintiff's only remaining and proper forum is the Circuit Court of Cook County. In addition, since the state court action was dismissed without prejudice instead of being removed to federal court under 28 U.S.C. § 1452, a decision here to abstain would have no direct effect in coercing the state court to entertain plaintiff's usury action.

Ironically, in the name of principles of comity and abstention, defendants ask this Court not to abstain, but to entertain jurisdiction. In making this argument, defendants have confused federal court intervention in a pending state court proceeding with the principles of abstention applicable in bankruptcy proceedings expressed in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and codified in 28 U.S.C. § 1334(c).

### B. *Abstention Under § 1334(c)(1)*

The Court requested the parties to consider the effect of *State Bank of Lombard, supra,* to this case. In that case, plaintiff and defendant were creditors of a Chapter 11 debtor. Plaintiff filed its complaint in state court, alleging that defendant had breached an agreement to subordinate one of its loans to the loan made by plaintiff. The state court case was removed to this Court on defendant's petition. Plaintiff then moved to remand. This Court granted plaintiff's motion to remand, holding that under § 1334(c)(2):

> a district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including where the debtor is a party) and where the claim can be timely adjudicated in state court.

*State Bank of Lombard, supra,* 46 B.R. at 472.

This case involves discretionary abstention under § 1334(c)(1), instead of mandatory abstention under § 1334(c)(2), because plaintiff's Chapter 13 bankruptcy proceeding was filed before the effective date of the amended § 1334(c). Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 122(b). However, the Court believes that the same reasoning should be applied in a case of discretionary abstention under § 1334(c)(1) as is applied in mandatory abstention cases under § 1334(c)(2). § 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

As the Court noted above, abstaining from this action would not tread on the state court's toes. In addition, failure to abstain would put this Court in the position of deciding a novel question of law under Illinois' usury statute. Such a decision could impinge on the respect for state law enunciated in § 1334(c)(1).

Finally, the teaching of *Northern Pipeline, supra,* and cases interpreting § 1334(c)(1) persuade this Court that the expansive interpretation of abstention contained in § 1334(c)(2) and *State Bank of Lombard, supra,* should apply to this case under § 1334(c)(1). The clearest case for abstention under *Northern Pipeline* and cases interpreting § 1334(c)(1) is one in which two parties have a dispute under state law and a potential judgment from the state court lawsuit will be the basis for or a defense against a claim in a bankruptcy proceeding. The Supreme Court in *Northern Pipeline* saw this type of case as presenting the greatest friction between the necessity of bankruptcy judges adjudicating claims and the guarantee of Article III of the Constitution, *i.e.*, that only Article III judges would adjudicate cases based purely on state law. This type of case is distinguished from cases involving recovery of a preference, setting aside a fraudulent conveyance, objection to a discharge or modification of an automatic stay. *State Bank of Lombard, supra,* 46 B.R. at 472.

■ Therefore, this Court holds that, under § 1334(c)(1), abstention is proper where, as here, the only basis for federal jurisdiction is that a judgment in a purely

state law case might become a claim or a defense to a claim in a bankruptcy proceeding. In so holding, the Court finds the reasoning in *In re Dakota Grain Systems, Inc.,* 41 B.R. 749 (Bankr.D.N.D.1984) to be persuasive:

> With the Supreme Court's rather clear pronouncement with respect to the exercise of jurisdiction over matters based principally upon state law and in view of the recent remedial legislation it would be inappropriate for this Court to ignore the clear expression of both the United States Supreme Court and Congress by entertaining jurisdiction solely because section 1334(c)(2) is not applicable.

*Id.* at 751. *Accord, In re Smith Douglass, Inc.,* 43 B.R. 616, 618 (Bankr.E.D.N.C. 1984); *In re Atlas Automation, Inc.,* 42 B.R. 246, 248 (Bankr.E.D.Mich.1984).

■ In the present case, the plaintiff's complaint in the adversary bankruptcy proceeding is based solely on the Illinois usury statute and has no basis for federal jurisdiction other than being related to a claim in the Chapter 13 proceeding. In addition, plaintiff's action involves a novel question under the Illinois usury statute which is best left to the state court to decide. In light of the above factors, the Court concludes that it is proper to abstain under § 1334(c)(1) from exercising jurisdiction over plaintiff's complaint. Therefore, plaintiff's complaint is dismissed without prejudice.

### C. *Defendants' Remaining Arguments*

■ Defendants argue that the plaintiff has voluntarily subjected himself to the jurisdiction of the bankruptcy court when he filed this adversary proceeding. Having done this, plaintiff may not now ask the court to decline to hear the action. The Court rejects this argument as contrary to the circumstances of this case because, after the Circuit Court dismissed his case without prejudice, plaintiff's only remaining forum was federal court.

Finally, defendants make an elaborate argument based on *res judicata* in an attempt to establish that the disputed claims are more than merely related to the bankruptcy proceeding. First, they argue that the plaintiff was required to assert his usury allegations prior to the entry of the bankruptcy court's orders confirming plaintiff's plan of reorganization. According to defendants, plaintiff's failure to do so makes those claims *res judicata*. Therefore, since adjudication of the usury claims would involve examination or reopening of the bankruptcy court's confirmation orders, defendants conclude that the claims are not the type of tangential claims addressed by *Northern Pipeline, supra*.

■ The Court rejects defendants' elaborate argument that matters which affect claims involved in a confirmed reorganization plan are more than merely related to the underlying bankruptcy proceeding. The fact that a claim or defense to a claim is contained in a confirmed reorganization plan is insufficient to remove this case from the teachings of *Northern Pipeline* and § 1334(c)(1). The Court's holding is bolstered by the fact that a confirmed reorganization plan may be dismissed if not discharged and the creditors' claims revert to the status quo existing before the confirmation. *In re Groves,* 27 B.R. 866 (Bankr. D.Kan.1983) (dismissal of a confirmed reorganization plan); *contra, In re Evans,* 30 B.R. 530, 531 (Bankr.App. 9th Cir.1983).

### III. CONCLUSION

For the reasons stated above, the Court holds that discretionary abstention is proper under 28 U.S.C. § 1334(c)(1). Therefore, plaintiff's adversary proceeding is dismissed without prejudice.

IT IS SO ORDERED.