In re Christine JONES, a/k/a Christine Shelton, Debtor.

Christine JONES, a/k/a Christine Shelton, Plaintiff,

v.

Donald J. BOYLE, et al., Defendants.

Bankruptcy No. 87–00409.
Adv. P. No. 87–0070.

United States Bankruptcy Court, District of Columbia.

Jan. 7, 1988.

A. Palmer Ifill, Washington, D.C., for debtor/plaintiff.

Anthony Thompson, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

GEORGE F. BASON, Jr., Bankruptcy Judge.

Before the Court are a motion to dismiss by defendants Boyle and Alterman [1] and plaintiff's cross-motions for abstention or alternatively for summary judgment.

*Background*

It appears that in January 1980 plaintiff and Alfred E. Jones (who apparently was at that time plaintiff's husband) purchased property at 129–15th St., S.E. from defendants Boyle and Alterman for $55,000. Boyle and Alterman took back a $50,000, two-year balloon note, which provided for monthly interest-only payments at 15% and which was secured by a deed of trust on the property. The Joneses defaulted on the note, and Boyle and Alterman commenced (i) foreclosure proceedings against the property on December 23, 1981 and (ii) a civil suit against the Joneses on the note on December 29, 1981. Plaintiff asserts that she did not receive the 30–day prior notice of the foreclosure that is required by D.C.Code Section 45–715(b), and that she did not find out about the foreclosure until 1987. On February 26, 1982 Boyle and Alterman brought the property in at foreclosure for $1,000. They obtained a trustee's deed to the property on May 24, 1982.

In October 1982 there was filed in the civil suit on the promissory note a one-page typewritten paper entitled "Consent to Counsel's Motion to Withdraw," purportedly signed by plaintiff as well as by Alfred E. Jones. The last sentence of this "Consent" states, "We withdraw all opposition

---

1. Also named as defendants are Carol Guthrie Owings and A.A. Biancaniello, trustees named in a deed of trust on real property involved in this adversary proceeding. They have not filed an answer to the complaint, and the record does not reveal whether or not they have been served with process.

to [Boyle's and Alterman's] Motion for Summary Judgment." However, plaintiff denies that she in fact either consented to her counsel's withdrawal in that suit or consented to "withdraw all opposition" to entry of judgment against her.[2]

In November 1982 Boyle and Alterman filed in the civil suit on the note an "Interest Worksheet" which contained no reference to and gave no credit for any proceeds of the foreclosure sale which had occurred and been consummated several months earlier. In January 1983 the D.C. Superior Court entered summary judgment in favor of Boyle and Alterman and against Ms. Jones and Alfred E. Jones, for the full amount of the note, without any reference to the foreclosure sale or any credit on account of any proceeds of the foreclosure sale. In its order granting summary judgment the Superior Court noted that "the defendants filed a consent to the[ir counsel's] motion to withdraw and in the consent also withdrew their opposition to plaintiff's [i.e., Boyle's and Alterman's] motion for summary judgment." Plaintiff Christine Jones contends that she first obtained knowledge that judgment had been rendered against her when, in 1987, defendants Boyle and Alterman sought to execute on that judgment by scheduling a Marshal's sale of her home at 25–15th St., S.E., Washington, D.C. (about a block from the property that Boyle and Alterman had foreclosed upon some five years earlier, in 1982).

Plaintiff has obtained a recent appraisal on the property that was foreclosed upon in the amount of $53,000. The discrepancy between a fair market value of approximately $53,000 and a foreclosure sale price of $1,000 is enough to shock the conscience of this Court, and probably most other courts as well. Compare *S & G Investment, Inc. v. Home Fed. S & L Ass'n.*, 505 F.2d 370, 379–380 (D.C.Cir.1974). However, because of this Court's disposition of the various motions now pending, no final decision will be made in this regard at this time.

### Defendants' Motion to Dismiss

The defendants' motion to dismiss will be denied. That motion is based on: (a) untimely service of process on defendant Alterman[3]; (b) res judicata, in that defendants Boyle and Alterman on January 11, 1983 obtained a judgment in their civil suit on the promissory note for $50,000.00 plus interest and costs against plaintiff (D.C. Superior Court C.A. No. 18478–81); (c) unreasonable delay in challenging the 1983 judgment, and (d) limitations, in that more than three years has elapsed since the 1981 foreclosure sale of the property.

(a) As to the untimely service of process on defendant Alterman: Plaintiff correctly notes that the remedy prescribed by Rule 7004(f) for this defect is that "another summons shall be issued and served," not dismissal of the entire proceeding.

■ (b) As to *res judicata:* This Court is bound to give full faith and credit to a valid judgment of the D.C. Superior Court. However, Count 1 of plaintiff's complaint alleges that "[t]he judgment obtained in the Superior Court was obtained by fraud, deceit, or an imposition upon the Court" for a variety of reasons set forth in paragraphs 1(b)(i) through (vi) of the complaint, including failure to advise the Superior Court of the foreclosure sale. If the Superior Court judgment is void or voidable, *res judicata* does not apply.[4]

■ Conversely, Count 5 sets forth a cause of action based on bankruptcy law which would not necessarily be defeated by giving full *res judicata* effect to the Superior Court judgment. 11 U.S.C. Sections

**2.** Affidavit of Christine Jones, filed December 11, 1987, paragraph 4.

**3.** Bankruptcy Rule 7004(f) requires service to be made within 10 days after issuance of a summons, and Alterman asserts that service was not

effected upon him within the requisite 10–day period.

**4.** See 50 C.J.S. *Judgments,* Section 895: "A judgment of another state may be impeached on the ground that it was procured by fraud, at least

522(h), 548, and 553.[5] The other counts of the complaint simply set forth alternative or additional types of relief that the plaintiff asserts she is entitled to, based on the same operative facts and legal theories set forth in the first six pages of the complaint. This Court concludes that *res judicata* is not a bar to this complaint.

(c) As to "unreasonable delay:" This Court is not prepared to hold at this time, in the context of a motion to dismiss, that as a matter of law plaintiff's delay has been "unreasonable."

(d) As to limitations: Plaintiff and defendants both refer to D.C.Code Section 12–301, plaintiff asserting that the 15–year period for recovery of lands is the correct limitations period, and defendants asserting that the 3–year period for claims "not otherwise specifically provided for" is the correct period.

Plaintiff also relies on the principle that no statute puts any limitations on a claim used solely as a defense. See *Hill v. Hawes,* 144 F.2d 511, 512 (D.C.Cir.1944): "... no statute puts any limitations on the claim of usury as a defense in a suit based on the usurious obligation.... In substance, this suit may be regarded as one for a declaratory judgment that the plaintiff's intestate had a complete defense to her obligation on the note." And see *King v. Kitchen Magic, Inc.,* 391 A.2d 1184 (D.C. 1978): "Appellees may not prevent this defense [of fraud] from being asserted simply be delaying the initiation of an extrajudicial foreclosure proceeding until after the statute of limitations has run on the Kings' legal cause of action." In view of the parties' conflicting assertions concerning local District of Columbia law, and in view of this Court's disposition of plaintiff's motion for abstention, this Court declines to

hold that plaintiff's claim is barred by limitations.[6]

*Plaintiff's Motion for Abstention*

■ Plaintiff's motion for abstention requests that this Court stay all further proceedings in this Court pending resolution of a motion under Rule 60(b)(4) or (6), or an independent action, or both, that plaintiff intends to file in D.C. Superior Court, to set aside the judgment or the foreclosure or both. This Court has discretion under 11 U.S.C. Section 305(a)(1) to "suspend all proceedings in a case" in "the interests of creditors and the debtor." Likewise, this Court has discretion under 28 U.S.C. Section 1334(c)(1), "in the interest of comity with State courts or respect for State law," to abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

The interest of comity with the local trial court of the District of Columbia would seem to be especially strong where, as here, the validity of a judgment of that Court is under attack. If a judgment of that Court is to be declared invalid, it is more seemly that the invalidity be declared by that Court itself rather than by this Court. In addition, this Court has no power to grant or even to consider a motion under Rule 60(b)(4) or (6) for relief from a judgment of the D.C. Superior Court—only the Superior Court has that power. Moreover, except for Count 5, the complaint herein is based entirely on local District of Columbia law, and all the defenses are also based entirely on local law. Finally, plaintiff can more likely obtain in the Superior Court than in this Court the jury trial that she demanded on the first page of her complaint, because (as defendants have pointed out)[7] "28 U.S.C. Section 1411

when the fraud could be set up in such other state."

**5.** For example, under Section 548, a foreclosure sale valid under state or local law may nevertheless be voided under bankruptcy law if the debtor "received less than a reasonably equivalent value"—*e.g.,* if the price received at foreclosure was less than 60% of the property's fair market value. *Durrett v. Washington Nat. Ins. Co.,* 621 F.2d 201 (5th Cir.1980). Here, plaintiff asserts that the price received at foreclosure was *less*

*than 2 percent* of the property's fair market value.

**6.** The Court notes that 11 U.S.C. Section 108 allows certain extensions of time for a bankrupt debtor to "commence an action" or "file any pleading" in a nonbankruptcy forum.

**7.** Praecipe filed December 14, 1987, p. 2, paragraph 3.

sharply restricts the type of matter with respect to which a jury trial may be had in bankruptcy court."

For all these reasons, this Court will stay all proceedings in this adversary proceeding (1) pending resolution of any motion for relief from the judgment against her in D.C. Superior Court C.A. No. 18478–81 that plaintiff may file within 60 days after entry of this Order and (2) pending resolution of any independent action that plaintiff may file in D.C. Superior Court within 60 days after entry of this Order seeking to set aside or to obtain other relief as to that judgment or as to the foreclosure on 129–15th St., S.E., Washington, D.C., or both. The Court will also stay further proceedings in the case with which this adversary proceeding is associated, for the same time period, provided that until further order of this Court the plaintiff/debtor shall continue or shall forthwith begin to make regular monthly payments to the Chapter 13 Trustee, directly or through payroll deductions, in an amount not less than that set forth in her original Chapter 13 Plan.

*Plaintiff's motion for summary judgment*

Plaintiff's alternative motion for summary judgment will be denied, both because of this Court's disposition of her motion for abstention and because it appears that genuine issues of fact exist as to, *inter alia,* when plaintiff received notice or obtained knowledge of the foreclosure and of the judgment against her, whether or when defendants informed the Superior Court that the foreclosure had occurred prior to entry of the judgment, and what is or was the fair market value of the property that was foreclosed upon.

NOW THEREFORE IT IS ORDERED that defendants' motion to dismiss is DENIED; plaintiff's motion for summary judgment is DENIED; and plaintiff's motion for abstention is GRANTED, and all further proceedings in this adversary proceeding are STAYED (1) pending final resolution of any motion for relief from the judgment against her in D.C. Superior Court C.A. No. 18478–81 that plaintiff may file within 60 days after entry of this Order and (2) pending final resolution of any independent action that plaintiff may file in D.C. Superior Court within 60 days after entry of this Order seeking to set aside or to obtain other relief as to that judgment or as to the foreclosure on 129–15th St., S.E., Washington, D.C., or both.