**In re Joel and Brigitte ROSS, Debtors.**

**Bankruptcy No. 85 B 9452.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Jan. 20, 1988.

Pamela R. Eisenstein, Teller, Levit & Silvertrust, Chicago, Ill., for creditor.

**474**

David E. Cohen, Cohen & Cohen, Chicago, Ill., for debtors.

## MEMORANDUM OPINION AND ORDER

### JOHN D. SCHWARTZ, Chief Judge.

This matter is before the Court on motion of the debtors, Joel and Brigitte Ross, objecting to the claim of the Chicago Moving Picture Operator's Union, Local 110 of the I.A.T.S.E. and M.P.M.O. Service Trust ("Union"). The facts are not contested.

On July 26, 1985, the debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. 101 *et seq.*). This Court subsequently set October 30, 1987 as the last date in which to file claims against the debtors. On October 20, 1987, the Union filed a claim (docketed as claim # 6) in the amount of $73,690.00 plus interest.

The Union's claim is predicated on a judgment entered on May 10, 1983 by the Circuit Court of Cook County in favor of the Union against Joel Ross, the debtor herein. After considering the pleadings and arguments of counsel, the trial court granted the Union's motion for summary judgment in the amount of $73,689.00 against Ross finding him personally liable as president and chief operating officer of Western Amusement Corporation for failing to pay the Union's dues and welfare contributions under the terms of their collective bargaining agreement in violation of the Illinois Wage Payment And Collection Act. Ill.Rev.Stat.1985, ch. 48, par. 39m–1 *et seq.* The decision of the trial court was affirmed by the Appellate Court of Illinois in a published opinion reported at 157 Ill. App.3d 873 (1987).

On November 10, 1987, the debtors requested that this Court disallow the Union's claim. The parties have filed memoranda in support of their respective positions and for the reasons set forth below, the Court denies the debtor's objection and will allow the Union's claim.

The debtors frame the issue in terms of federal preemption of the Circuit Court judgment by the Employee Retirement Income Security Act ("ERISA"). The debtors contend that if ERISA preempts the Illinois Wage Payment Collection Act, upon which the Union's judgment is based, the judgment is void as against the debtor.

At present, the United States Court of Appeals for the Seventh Circuit has yet to decide the question of federal preemption of the Illinois Act. *See, National Metalcrafters v. McNeil,* 784 F.2d 817, 822 (7th Cir.1986).

Notwithstanding the absence of guidance on this issue from our Federal Circuit Court, this court need not decide the issue of federal preemption insofar as the debtor is estopped from arguing the preemption defense by virtue of the doctrine of res judicata.

Res judicata ensures the finality of decisions. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).[1] Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). In addition, res judicata prevents litigation of all grounds for *or defenses to* recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Brown,* 442 U.S. at 131, 99 S.Ct. at 2209 (emphasis added).

In the instant case, a trial was held in which the issue of personal liability of the debtor was adjudicated on the merits. The identical issue was again reviewed on the appellate level.

Although the issue of personal liability was determined pursuant to a motion for summary judgment, the condition that a

1. The Court's citation of the Supreme Court's decision in *Brown* is for illustrative purposes only. In *Brown,* the Supreme Court held that a Bankruptcy Court is not confined to a review of a judgment in a prior state court proceeding when determining the dischargeability of a debt. Res judicata does not bar a creditor from offering additional evidence to meet the defense of bankruptcy. In the controversy *sub justice,* this court is concerned only with the allowance of a claim against the debtor, not its dischargeability.

judgment be "on the merits" in order for res judicata to apply is nevertheless met in this case. A "judgment on the merits" as that phrase is used in the conventional statement of the res judicata doctrine is not necessarily a judgment based upon a full trial of contested facts. Thus, a judgment by default, a judgment on stipulation or agreement, or on motion for summary judgment is "on the merits" for res judicata purposes. *Ruple v. City of Vermillion*, 714 F.2d 860 (8th Cir.1983) *cert. den.* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984).

Furthermore, the United States Court of Appeals for the Ninth Circuit, in addressing whether or not ERISA preempted the California Community Property Law stated, "The doctrine of res judicata will prevent federal litigation of a federal constitutional claim that was or *might have been* raised in a state action that has come to final judgment." (emphasis added) *Board of Trustees of Carpenters Pension Fund for Northern California v. Reyes*, 688 F.2d 671 (9th Cir.1982) *cert. den.* 462 U.S. 1120, 103 S.Ct. 3088, 77 L.Ed.2d 1349 (1982).

In this case, the debtor could have raised the federal preemption defense at both the trial and appellate levels. At all times relevant, the debtor was represented by counsel and did not choose to raise the preemption issue. The doctrine of res judicata will prevent him from pursuing this defense now.

NOW THEREFORE IT IS ORDERED, that the motion of the debtors, Joel and Brigitte Ross objecting to the claim of the Motion Picture Machine Operator's Beneficial Association (docketed as claim # 6) is hereby denied, and the Union's claim is allowed.