**In re Nathaniel WILLIAMS, Debtor.**

**Nathaniel WILLIAMS, Plaintiff,**

**v.**

**ASSOCIATES FINANCE, INC., an Illinois corporation, and Cumberland Life Insurance Company, Defendants.**

**Bankruptcy No. 84 B 1294.**
**Adv. No. 88 A 167.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

June 23, 1988.

Leonard M. Groupe, Groupe & Kutz, Chicago, Ill., Aram A. Hartunian, Hartunian, Futterman & Howard, Chicago, Ill., for debtor/plaintiff.

George A. Platz, Sidley & Austin, Chicago, Ill., for defendants.

Craig Phelps, Chicago, Ill., Chapter 13 trustee.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT ON PLAINTIFF'S MOTION FOR ABSTENTION

ROBERT E. GINSBERG, Bankruptcy Judge.

### Introduction

■■■ This matter comes before the Court on the motion of the debtor, Nathani-

el Williams, asking the Court to exercise its discretion and abstain from hearing this adversary proceeding under 28 U.S.C. § 1334(c)(1).[1] This is a core proceeding under 28 U.S.C. § 157(b)(2)(A)[2].

### Findings of Fact

1. In 1986 two other Chapter 13 debtors, Daniel and Peggy Niles, filed an Adversary Complaint, 86 A 451, in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, alleging that Associates Finance, Inc. and Cumberland Life Insurance Co. ("Defendants") violated Illinois Revised Statute ch. 73, para. 767.54; section 155.54 of the Illinois Insurance Code. Specifically, the complaint alleged that Defendants sold credit life insurance to the Niles in excess of the amount permissible by Illinois law.

2. The Defendants filed a motion in the Niles adversary requesting dismissal of the proceeding because the claims were not properly before the bankruptcy court.

3. On September 15, 1986 Judge John D. Schwartz of this Court abstained from exercising jurisdiction over the Niles adversary and instead allowed the debtors to pursue their action in the Illinois state courts.

4. On October 16, 1986 the Niles filed a class action complaint against the Defendants in the Circuit Court of Cook County, alleging the same Illinois insurance law violations as were contained in their bankruptcy adversary complaint.

---

1. Because this Chapter 13 case was pending on July 10, 1984, the mandatory abstention provision, 28 U.S.C. § 1334(c)(2), even if relevant, does not apply to the resolution of the dispute before the Court. See Pub.L. No. 98–353, § 122(b), 98 Stat 346 (1984).

2. To the extent that Bankruptcy Rule 5011(b) suggests differently, this Court believes that such provision is in direct conflict with the statutory provision for "discretionary" abstention, 28 U.S.C. § 1334(c)(1), and therefore is of questionable validity. See 28 U.S.C. § 2075. The Court agrees that any proceeding to be decided under a statute such as the mandatory abstention provision, 28 U.S.C. § 1334(c)(2), which contains a limitation on appealability, necessarily gives rise to a noncore proceeding as

an Article I judge, such as a bankruptcy judge, could not constitutionally enter final nonappealable orders. See In re Pankau, 65 B.R. 204, 207 (Bankr.N.D.Ill.1986). But see In re Pankau, No. 86–C–8046 (N.D.Ill. July 14, 1987). However, there is no similar limitation on appeals of discretionary abstention orders under 28 U.S.C. § 1334(c)(2). While it is arguable that the word "subsection" in 28 U.S.C. § 1334(c)(2) could be read to include all of 28 U.S.C. § 1334(c) such that no appeal would lie from a discretionary abstention decision under 28 U.S.C. § 1334(c)(1) as well, such an interpretation seriously strains any logical reading of section 1334(c)(2) and takes the word "subsection" entirely out of context.

5. In April, 1987, the Defendants filed a motion to dismiss the Niles complaint in the Circuit Court of Cook County. On June 8, 1987 the Circuit Court denied the motion. On July 21, 1987 the Illinois Court of Appeals denied Defendants' motion for leave to appeal, and on August 4, 1987 denied the Defendants' motion for rehearing on their leave to appeal. The Defendants then petitioned the Illinois Supreme Court for the entry of a supervisory order. This petition was denied on October 2, 1987.

6. On November 6, 1987, Nathaniel Williams, the debtor before this Court,[3] filed a motion in the Circuit Court of Cook County for leave to intervene in the Niles lawsuit. This motion was granted on November 12, 1987, without objection from the Defendants.[4]

7. The plaintiffs in the Niles lawsuit filed a motion for class certification on January 5, 1988. Resolution of the motion was postponed because the Defendants filed a second motion to dismiss. In their second motion to dismiss, the Defendants argued, *inter alia,* that Williams' bankruptcy prevented him from participating in the state court action.[5]

8. The Circuit court denied Defendants' second motion to dismiss and rejected the argument that Williams' bankruptcy case was a prior pending proceeding.

9. On March 3, 1988 Williams filed an adversary complaint in this Court alleging the same cause of action as the Niles state court action in which he was given leave to intervene. At the time of filing the complaint Williams also filed the motion to abstain which is at issue here. Williams says he pursued this somewhat unusual course of action in order to clarify that his bankruptcy case was not a prior proceeding for purposes of Illinois Code of Civil Procedure § 2–619(a)(3).[6]

### Conclusions of Law

1. 28 U.S.C. § 1334(c)(1) provides, *inter alia,* that this Court may abstain from hearing a proceeding "[I]n the interest of justice, or the interest of comity with State courts or respect for State law. . . .

2. While courts have considered many factors to aid in interpreting section 1334(c)(1), *see, e.g., In re Republic Reader's Service, Inc.,* 81 B.R. 422 (Bankr.S.D. Tex.1986), "[T]he clearest case for abstention . . . under . . . § 1334(c)(1) . . . is one in which two parties have a dispute under state law and a potential judgment from the state court lawsuit will be the basis for or a defense against a claim in a bankruptcy proceeding." *In re Sweeney,* 49 B.R. 1008, 1010 (N.D.Ill.1985).

3. In this proceeding, there is no escaping the fact that the resolution of the state lawsuit will be the basis for either a claim or a defense to a claim in the Williams bankruptcy case.[7] Should Mr. Williams be successful the Insurance Contract will be rescinded and the Defendants will have no claim against the estate under that contract. Should the Defendants be successful, they will have a valid claim against the estate and could defeat any attempt by Williams to relitigate the question in this Court by objecting on the principals of res judicata and collateral estoppel. *See In re Ross,* 81 B.R. 473 (Bankr.N.D.Ill. 1988); *In re Pitts,* 31 B.R. 90 (Bankr.N.D. Ga.1983).

---

3. Williams filed his Chapter 13 bankruptcy petition on February 2, 1984.

4. Williams also claims that Defendants sold him credit life insurance in excess of the amount permissible by Illinois law (the "Insurance Contract").

5. Defendants argued that Williams' bankruptcy case was a prior pending action pursuant to Illinois Code of Civil Procedure § 2–619(a)(3).

6. The state court has already found that Williams' bankruptcy case is not a prior proceeding for purposes of Illinois Code of Civil

Procedure § 2–619(a)(3). Of course, this Court will in no way disturb that ruling. Other than holding that Williams did not waive his right to seek abstentions by filing this adversary proceeding, this Court need not consider the effect of filing this proceeding by Williams.

7. In fact, one of the Defendants' arguments in support of their opposition to abstention by this Court is that they have a valid claim, pursuant to the Insurance Contract, which was incorporated into Williams' Chapter 13 plan.

4. The only basis for federal jurisdiction over Williams' complaint is the pendency of his bankruptcy case.[8] The resolution of the issue in this adversary proceeding is based solely on interpretation of Illinois insurance law. This Court believes that in the interests of comity the resolution of this issue is best left to the Illinois state courts to decide. *See In re Titan Energy, Inc.*, 837 F.2d 325 (8th Cir.1988); *Sweeney, supra; In re World Solar Corp.*, 81 B.R. 603 (Bankr.S.D.Cal.1988); *Republic Readers, supra. See also In re Swiss Hot Dog Co.*, 72 B.R. 569 (D.Colo.1985).

■ 5. The Defendants argue that this Court should not abstain because of the delay which would be involved in resolution of the issue in state court due to the pending class certification. The Court recognizes that delay is a relevant factor in determining whether or not to abstain. *Matter of Boughton*, 60 B.R. 373, 377 (N.D.Ill.1986). It is, however, only one factor, and in this case the Court does not believe that the possibility of delay outweighs the necessity of having the state court resolve the lawsuit. Unlike *Boughton* where the lawsuit had been pending in the bankruptcy court for over a year, this proceeding has been in this Court for less than four months while the related case has pended in the state court for more than a year. Further, the state court has resolved two motions to dismiss and discovery has begun. Considerations of judicial economy strongly suggest that the longer pending proceeding, the one that is much further down the road to resolution, i.e. the state court action, take precedence over the proceeding in this Court which is in its very initial stages.[9] Given that Defendants' claim was included in Williams' Chapter 13 plan, the Court fails to see how Defendants will be prejudiced if the case proceeds in state court.[10] Class action certification is not necessarily a long or arduous process.

■ 6. Defendants argue that because Williams filed the adversary complaint with this Court he has waived his right to ask the Court to abstain. Defendants cite no authority for this proposition, apparently because there is none. Requests for abstention are not statutorily limited to defendants. *See* 28 U.S.C. § 1334(c). The unusual procedure involved here is readily explained by Illinois Code of Civil Procedure § 2–619(a)(3) and Williams' desire to avoid even potential problems under that provision. *See* Finding of Fact # 9.

■ 7. Finally, Defendants argue that the case does not involve novel and complex issues of state law. Defendants present their interpretation of the Illinois statute in support of this argument, but fail to provide this Court with any clearly controlling Illinois case law supporting their position. It is true that the mere presence of state law issues does not alone mandate bankruptcy court abstention. *Harley Hotels, Inc. v. Rains International, Ltd.*, 57 B.R. 773 (M.D.Pa.1988). However, beginning with *Thompson v. Magno-*

---

**8.** Resolution of the Williams' adversary would, nevertheless, give rise to a core proceeding. Williams' claim against the Defendants is a counterclaim for purposes of 28 U.S.C. § 157(b)(2)(C). *See also* 28 U.S.C. § 157(b)(2)(B). Both parties have conceded in their pleadings that the adversary is a core proceeding.

**9.** The Defendants have already filed a motion to dismiss in this proceeding. Apparently they would like to relitigate those issues they have been unsuccessful with in the state courts in this Court. Again, considerations of judicial economy and comity strongly recommend against such a result. In addition, this is not the usual abstention case where a decision not to abstain will prevent the same parties from litigating in another forum. Here, regardless of what this Court does, the litigation between the Niles and the Defendants will continue in the state court with or without Williams because of Judge Schwartz's abstention order. The danger of inconsistent decisions in the state court and this Court is real and should be avoided in the interests of comity. Furthermore, the parties' efforts in pleading, discovery, and trial can be more efficiently managed if all litigation is in a single forum.

**10.** Under the terms of Williams' confirmed plan, Defendants were to receive $3,109.50 over a four year period, beginning in May 1984. Defendants claim that they have not yet been fully paid. However, Defendants avenue to remedy Williams' failure to comply with his confirmed plan is not to try to block this Court's abstention from the adversary complaint.

*lia Petroleum, Co.,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), courts have continued to find that abstention is best where there are novel or unsettled questions of state law to be decided. *See e.g., Sweeney, supra; In re Boughton,* 49 B.R. 312, 316 (Bankr.N.D.Ill.1988). Given the lack of clear Illinois authority cited by either party which would control the outcome of this adversary proceeding on the merits, this Court finds that there is an unsettled question of state law. Any argument that the issues are simple is belied by the 75 pages of memoranda plus voluminous exhibits submitted by the parties on the first motion to dismiss in the state court. Defendants alone contributed some 39 pages of text to arguing the issues on the merits. Subsequent motions to dismiss have added significantly to this mountain of paper. This Court has reviewed the parties pleadings in the state court motions to dismiss. The issues are not simple. The statutes and regulations involved are not clear. Unresolved issues of Illinois law are involved. Such question are best left to the interpretation of an Illinois State judge. *See, e.g., In re Stephen Smith Home for the Aged, Inc.,* 80 B.R. 678 (E.D.Pa.1987); *In re Jones,* 80 B.R. 597 (Bankr.D.C.1988); *Sweeney, supra.*

### *Judgment*

IT IS HEREBY ORDERED that Williams' request for abstention pursuant to 28 U.S.C. § 1334(c)(1) is granted. All other pending motions are moot.